STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1162

ROBERT TASSIN

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
AND RAYMOND HEBERT

Judgment Rendered: **MAY 1 1 2020**

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 645411

Honorable Richard Moore, III, Judge Presiding

* * * * * * *

| | |
|---|---|
| Charles L. Chassaignac, IV<br>Baton Rouge, Louisiana<br>and<br>Emily S. Morrison<br>New Orleans, Louisiana | Attorneys for Defendants/Appellants,<br>State Farm Mutual Automobile<br>Insurance Company and<br>Raymond Hebert |
| Michael P. Frugé<br>Michael C. Hendry<br>A. M. "Tony" Clayton<br>Richard J. Ward, III<br>Randall Gay, Jr.<br>Port Allen, Louisiana | Attorneys for Plaintiff/Appellee,<br>Robert Tassin |

* * * * * * *

**BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**PENZATO, J.**

State Farm Mutual Automobile Insurance Company ("State Farm") and its insured, Raymond Hebert, appeal the finding of liability and award of damages in this personal injury action arising from a motor vehicle accident. For the following reasons, we vacate the judgment and remand this matter for a new trial.

## FACTS AND PROCEDURAL HISTORY

On May 11, 2015, plaintiff, Robert Tassin, was involved in a motor vehicle accident with Raymond Hebert at the intersection of Bluebonnet Boulevard and Picardy Avenue in Baton Rouge, Louisiana. Mr. Tassin filed suit against Mr. Hebert and his insurer, State Farm (collectively "defendants"), for damages sustained in the accident. In his petition, Mr. Tassin alleged that Mr. Hebert failed to yield at the traffic light controlling the intersection, and turned in front of Mr. Tassin's motorcycle, thus causing the collision. Mr. Tassin subsequently sought leave of court to file a supplemental and amended petition for damages, asserting that depositions were taken of the parties and of the investigating police officer, and the testimony of the deponents was conflicting in that both parties testified that they were faced with a green light/green arrow and thus had the right of way at the time of the accident. Mr. Tassin's supplemental and amended petition for damages added the City of Baton Rouge/Parish of East Baton Rouge ("City/Parish") as a defendant. Mr. Tassin alleged that the City/Parish's failure to maintain the traffic control lights that govern the intersection was a proximate cause of the accident.

On May 24, 2018, the City/Parish filed a motion for summary judgment based on the absence of any evidence that it had actual or constructive notice of the alleged traffic light malfunction or defect. Mr. Tassin and defendants did not oppose the City/Parish's motion for summary judgment. By judgment signed November 13, 2018, the trial court granted the motion for summary judgment, dismissing Mr. Tassin's claims against the City/Parish. The case proceeded to a

bench trial against defendants on January 3, 2019.

At trial, Mr. Tassin testified that he was travelling south on Bluebonnet. As he approached the intersection with Picardy, he scanned continuously to watch for cars coming into the intersection. Mr. Tassin testified that he had a green light as he approached the intersection. According to Mr. Tassin, as he was entering the intersection, he saw Mr. Hebert's vehicle turn in front of him coming from his left. Mr. Tassin was unable to stop and avoid Mr. Hebert's vehicle and hit Mr. Hebert's back tire with the front tire of his motorcycle. Mr. Tassin testified that after the impact, he slid through the intersection on his knees, elbows, and hands. He was transported from the scene of the accident by ambulance to the hospital.

The only other witness to testify at the trial was Erin Husbands, who was directly behind Mr. Hebert in the left-hand turning lane going from Bluebonnet onto Picardy. Ms. Husbands testified that when she approached the intersection, the light was red, and Mr. Hebert was stopped in the turning lane. According to Ms. Husbands, the red light turned to a green arrow, and she followed Mr. Hebert's car into the intersection. She testified that she and Mr. Hebert were in the middle of the intersection when Mr. Tassin's motorcycle hit the front passenger side of Mr. Hebert's vehicle. Ms. Husbands testified that she did not see Mr. Tassin's motorcycle prior to the collision because she was watching Mr. Hebert's vehicle making the left-hand turn.

Mr. Hebert's deposition was admitted into evidence in lieu of his trial testimony. In his deposition, Mr. Hebert testified that he was travelling on Bluebonnet, intending to take a left turn onto Picardy. Mr. Hebert said that when he reached the intersection, the light was red, and he stopped. Mr. Hebert testified that he was the first car in the left-hand turning lane. According to Mr. Hebert, before he turned left onto Picardy, he observed the red light turn to a green arrow. Mr. Hebert testified that he did not see Mr. Tassin's motorcycle proceeding down

3

Bluebonnet and only became aware of the motorcycle after the collision.

Chelsea Richard, who testified by deposition, also witnessed the accident. According to Ms. Richard, she was travelling southbound on Bluebonnet in the lane directly to the right of Mr. Tassin, preparing to turn right onto Picardy. She testified that Mr. Tassin's light was green; Mr. Hebert's vehicle, which was coming the opposite way down Bluebonnet, ran the light and crossed the intersection to turn onto Picardy; and Mr. Tassin's motorcycle hit Mr. Hebert's vehicle.

After taking the matter under advisement, the trial court issued a ruling on March 19, 2019. In its ruling, the trial court found that "the preponderance of the evidence proves that the accident was solely caused by the negligence of [Mr.] Hebert who had a duty to exercise a high degree of care when he sought to turn left onto Picardy Avenue," citing *Hampton v. Marino*, 97-1345 (La. App. 1 Cir. 11/6/98), 725 So. 2d 503; La. R.S. 32:122[1]; and the deposition of Ms. Richard. A judgment finding defendants 100% liable to Mr. Tassin for the subject accident and awarding general damages in the amount of $15,000.00, special damages in the amount of $6,575.75, and property damage in the amount of $3,100.00 was signed on April 24, 2019. Defendants appeal this judgment.

## ASSIGNMENTS OF ERROR

Defendants contend that the trial court erred in the following respects:

1. In finding Mr. Hebert 100% at fault in the accident when the evidence at trial was that Mr. Hebert made his left-hand turn into the intersection on a green left turn arrow when Plaintiff's motorcycle hit Mr. Hebert's vehicle;

2. In excluding Dr. Brenda Dawson from testifying at trial on grounds of untimely disclosure given that Dr. Dawson had given an affidavit in support of a Motion for Summary

---

[1] Louisiana Revised Statutes 32:122 provides that:

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.

4

Judgment seven (7) months prior to trial and was listed as a fact witness for the City/Parish in the pre-trial order;

3. In awarding $15,000.00 in general damages to Plaintiff for a wrist sprain;

4. In awarding Plaintiff $3,100.00 in property damage, an award which was not supported by any evidence at trial.

## LAW AND DISCUSSION

Defendants assert that the trial court erred in finding Mr. Hebert solely at fault in causing the accident, particularly because the trial court erred in excluding Dr. Dawson's testimony. If a trial court commits evidentiary error that interdicts its fact-finding process, this court must conduct a *de novo* review. *Wright v. Bennett*, 2004-1944 (La. App. 1 Cir. 9/28/05), 924 So. 2d 178, 182. Thus, any alleged evidentiary errors must be addressed first on appeal, inasmuch as a finding of error may affect the applicable standard of review. *Id.*

At trial, defendants sought to introduce the testimony of Dr. Dawson, a witness to the accident. Mr. Tassin filed a motion to strike Dr. Dawson from testifying, arguing that defendants did not specifically include her as a witness in the pre-trial order. In response, defendants argued that Dr. Dawson was listed by reference in the pre-trial order, and that her affidavit had been submitted in support of the City/Parish's motion for summary judgment. The trial court sustained the motion to strike, excluding Dr. Dawson's testimony. Defendants proffered her testimony.

The record indicates that a joint pre-trial order was filed on April 3, 2018, prior to the dismissal of the City/Parish. In the pre-trial order, the City/Parish listed "Brenda Dawson" as a fact witness. Defendants did not specifically identify Dr. Dawson as a witness, but indicated that they may call as a witness at trial "[a]ny witness listed, subpoenaed or called by any other parties." Additionally, the City/Parish attached Dr. Dawson's affidavit to the motion for summary judgment filed on May 24, 2018. In her affidavit, Dr. Dawson attested that she witnessed the

5

accident at issue and observed Mr. Tassin run a red light and collide with Mr. Hebert's vehicle.

A trial court has great discretion in conducting a trial and in determining the admissibility of a witness's testimony. *Palace Properties, L.L.C. v. Sizeler Hammond Square Ltd. Partnership*, 2001-2812 (La. App. 1 Cir. 12/30/02), 839 So. 2d 82, 91, writ denied, 2003-0306 (La. 4/4/03), 840 So. 2d 1219. It is only upon a showing of a gross abuse of discretion that appellate courts have intervened. *Id.* Pursuant to La. C.C.P. art. 1551(B), a pre-trial order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The theory inherent in pretrial procedure is to avoid surprise and to allow orderly disposition of cases. *Theriot v. State Dept. of Wildlife and Fisheries*, 94-1536 (La. App. 1 Cir. 4/7/95), 661 So. 2d 986, 989, writ denied, 95-1617 (La. 10/6/95), 662 So. 2d 1041. If a party objects to the offered testimony of a witness not listed on the pre-trial order, a trial judge has great discretion in deciding whether to receive or refuse the testimony objected to on the grounds of failure to abide by the rules, but any doubt must be resolved in favor of receiving the information. *Palace Properties*, 839 So. 2d at 91.

While defendants did not specifically identify Dr. Dawson as a witness, she was identified in the pre-trial order as a fact witness, and Mr. Tassin was aware of the substance of her testimony from the affidavit filed in connection with the City/Parish's motion for summary judgment. We find that Mr. Tassin's claim that he was not made aware of Dr. Dawson until the day before the trial is not borne out by the facts. See *Duchmann v. Logarbo*, 2015-1012 (La. App. 1 Cir. 2/24/16), 2016 WL 758997, *8 (unpublished). Moreover, we are guided by the principle that any doubt must be resolved in favor of receiving the information. *Palace Properties*, 839 So. 2d at 91. Thus, considering the record and the circumstances herein, we find that the trial court abused its discretion in refusing to allow Dr.

6

Dawson's testimony.

We must therefore review the proffered evidence to determine whether it interdicted the fact-finding process. Dr. Dawson testified that she was travelling on Bluebonnet in the same direction as Mr. Tassin, and she believed that Mr. Tassin ran the red light. Because this testimony directly contradicts Ms. Richard's testimony, referenced by the trial court in its finding that the accident was solely caused by Mr. Hebert's negligence, we find that the improper exclusion of Dr. Dawson's testimony interdicted the fact-finding process.

Generally, when a legal error interdicts the fact finding process, the manifest error standard no longer applies. If the record is otherwise complete, the reviewing court should conduct a *de novo* review. *Franklin v. Franklin*, 2005-1814 (La. App. 1 Cir. 12/22/05), 928 So. 2d 90, 94, writ denied, 2006-0206 (La. 2/17/06), 924 So. 2d 1021. However, there are occasions where the weight of the evidence is so nearly equal that a first-hand view of witnesses is essential to a fair resolution of the issues. Where such a need arises, the case should be remanded for a new trial. *Abney v. Smith*, 2009-0794 (La. App. 1 Cir. 2/8/10), 35 So. 3d 279, 287, writ denied, 2010-0547 (La. 5/7/10), 34 So. 3d 864.

The central issue in this case was which party had the right of way at the time of the accident. Due to the substantial conflict in testimony as to whether Mr. Tassin had a green light when he entered the intersection, a preponderance of the evidence cannot be determined fairly from the cold record. See *Abney*, 35 So. 3d at 287. Therefore, we are convinced that the interests of justice would best be served by a new trial where credibility determinations and resolutions of the conflicting testimony can be made by the finder of fact. *Id*; see also *Georgia-Pacific, LLC v. Dresser-Rand Co.*, 2015-2002 (La. App. 1 Cir. 10/31/16), 207 So. 3d 1131, 1140, writ denied, 2016-02114 (La. 1/13/17), 215 So. 3d 248.

7

Accordingly, we vacate the judgment and remand for a new trial.[2]

## CONCLUSION

For the above reasons, the April 24, 2019 judgment is vacated and this matter is remanded to the trial court for a new trial. Appeal costs are assessed against the plaintiff, Robert Tassin.

**VACATED AND REMANDED.**

---

[2] Because we are remanding this case for a new trial, we pretermit discussion of defendants' remaining assignments of error on the issue of damages.